**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES GROSSMAN** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 02-4484** |

**ANSWER OF THE DEFENDANTS, CITY OF PHILADELPHIA, COMMISSIONER
JOHN TIMONEY, AND POLICE OFFICER EMORY, #7531 TO THE PLAINTIFF'S
COMPLAINT, TOGETHER WITH AFFIRMATIVE DEFENSES**

Defendants, City of Philadelphia, Commissioner John Timoney, and Police Officer Emory,
#7531, by and through the undersigned counsel, Robin B. Arnold, Deputy City Solicitor, hereby
file their Answer to the plaintiff's Complaint, together with Affirmative Defenses, and aver as
follows:

1. Denied.  After reasonable investigation, answering defendants are without knowledge or
information sufficient to form a belief as to the truth of the allegations contained in this
paragraph.  Hence, answering defendants deny the allegations and demand strict proof thereof at
time of trial.

2.  Admitted.

3.  Admitted in part; Denied in part.  It is admitted that defendant, Commissioner John
Timoney, was at all material times the ultimate authority within the Philadelphia Police
Department, who was charged with upholding the laws of the City of Philadelphia, as well as the
Laws and Constitutions of the Commonwealth of Pennsylvania and the United States of
America.  The remaining allegations are denied as conclusions of law, which are deemed denied
and at issue under the Federal Rules of Civil Procedure.

1

4. Denied.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

5. Denied.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

6. Denied.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

7. Denied.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions,

and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

8.  Admitted in part; Denied in part.  It is admitted that defendant, Police Officer Emory, was at all material times an officer with the City of Philadelphia Police Department. The remaining allegations are denied as conclusions of law, which are deemed denied and at issue under the Federal Rules of Civil Procedure.

9. Denied.  The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.

10. Denied.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

11. Denied.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

12. Denied.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown,

require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

13. Denied.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

14. Denied.  The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.

15. Admitted in part; Denied in part.  To the extent that the allegations in this paragraph are directed against the defendant, City of Philadelphia, said allegations are admitted.  To the extent that the allegations are directed against, or refer to defendants other than answering defendants herein, answering defendants are informed and are advised that no response is required.

16.  Denied.  To the extent that the allegations in this paragraph are directed against defendant, Commissioner John Timoney, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial. To the extent that the allegations are directed against, or refer to defendants other than answering defendants herein, answering defendants are informed and are advised that no response is required.

17. Denied.  The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.

18. Denied.  The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.

19. Denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Hence, answering defendants deny the allegations and demand strict proof thereof at time of trial.

20. Denied.  To the extent that the allegations in this paragraph are directed against defendant, Police Officer Emory, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.  To the extent that the allegations are directed against defendants other than answering defendants herein, answering defendants are informed and are advised that no response is required.

21. Denied.  To the extent that the allegations in this paragraph are directed against defendant, Police Officer Emory, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.  To the extent that the allegations are directed against defendants other than answering defendants herein, answering defendants are informed and are advised that no response is required.

22. Denied.  To the extent that the allegations in this paragraph are directed against defendant, Police Officer Emory, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.  To the extent that the allegations

are directed against defendants other than answering defendants herein, answering defendants are informed and are advised that no response is required.

23. Denied.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

23-27.  Denied.  To the extent that the allegations are directed at defendants, City of Philadelphia, Commissioner John Timoney, and Police Officer William Emory, all allegations of liability and causation of injury directed to answering defendants are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial. By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.  Moreover, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the nature and extent of the plaintiff's averments of damage, injury or loss.  Hence, said allegations are denied, and strict proof thereof is demanded at time of trial.

## COUNT I-42 U.S.C. §1983
## EXCESSIVE FORCE
## CHARLES GROSSMAN V. POLICE OFFICERS JOHN DOE #1-2 AND POLICE
## OFFICER EMORY

28.  Answering defendants incorporate herein by reference their answers to paragraphs 1

through 27 of the plaintiff's complaint, as though the same were fully set forth herein at length.

29-31.  Denied.  To the extent that the allegations in these paragraphs are directed at

defendant, Police Officer Emory, said allegations constitute conclusions of law under the Federal

Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.  To

the extent that the allegations contain averments of fact, said allegations are denied as untrue,

inaccurate and misleading.  Strict proof thereof is demanded at time of trial.  By way of further

answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other

members of the Philadelphia Police Department, whose identities are presently unknown, require

no responsive pleading under the Federal Rules of Civil Procedure at any time before answering

defendants are informed of the identity of the persons intended by such descriptions, and

therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

32. Denied.  To the extent that the allegations are directed at defendant, Police Officer

Emory, all allegations of liability and causation of injury directed to answering defendants are

denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial. By

way of further answer, it is averred that any and all allegations directed to Doe and/or Roe,

and/or other members of the Philadelphia Police Department, whose identities are presently

unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time

before answering defendants are informed of the identity of the persons intended by such

descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at

7

the time of trial.  Moreover, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the nature and extent of the plaintiffs' averments of damage, injury or loss.  Hence, said allegations are denied, and strict proof thereof is demanded at time of trial.

33. Denied.  To the extent that the allegations in these paragraphs are directed at defendant, Police Officer Emory, said allegations constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied. By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

Wherefore, defendants, City of Philadelphia, Commissioner John Timoney, and Police Officer Emory deny that they are liable, either jointly or severally, and demand judgment in their favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

<u>**COUNT II-42 U.S.C. §1983**</u>
<u>**CONSPIRACY**</u>
<u>**CHARLES GROSSMAN VS. CAPTAIN JOHN DOE, LIEUTENANT JOHN DOE,**</u>
<u>**SERGEANT JOHN DOE, POLICE OFFICERS JOHN DOE #1-2 AND**</u>
<u>**POLICE OFFICER EMORY**</u>

34-40.  By way of stipulation between the parties filed on or about July 26, 2002, Count II of the Plaintiff's Complaint has been dismissed.

## COUNT III-42 U.S.C. §1983
## BYSTANDER LIABILITY
## CHARLES GROSSMAN V. CAPTAIN JOHN DOE, LIEUTENANT
## JOHN DOE, AND SERGEANT JOHN DOE

41-45. By way of stipulation between the parties filed on or about July 26, 2002, Count III of the Plaintiff's Complaint has been dismissed.

## COUNT IV-42 U.S.C. §1983
## MONELL CLAIM
## CHARLES GROSSMAN VS. CITY OF PHILADELPHIA AND
## COMMISSIONER JOHN TIMONEY

46. Answering defendants incorporate herein by reference their answers to paragraphs 1 through 45 of the plaintiff's complaint, as though the same were fully set forth herein at length.

47-49.  Denied. The allegations in these paragraphs constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.  To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

50. Denied.  The allegations in this paragraph and in sub-paragraphs 50(a)-(l) are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

51. Denied.  The allegations in this paragraph are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

52. Denied. The allegations in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.  To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

53. Denied. The allegations in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are

denied.  To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

54. Denied. The allegations in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.  To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

55. Denied. The allegations in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.  To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

56. Denied.  The allegations in this paragraph and in sub-paragraphs 56(a)-(d) are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

57. Denied.  The allegations in this paragraph are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

Wherefore, defendants, City of Philadelphia, Commissioner John Timoney, and Police Officer Emory deny that they are liable, either jointly or severally, and demand judgment in their favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

## COUNT V-ASSAULT AND BATTERY
## CHARLES GROSSMAN VS. POLICE OFFICERS
## JOHN DOE #1-2 AND POLICE OFFICER EMORY

58. Answering defendants incorporate herein by reference their answers to paragraphs 1 through 57 of the plaintiff's complaint, as though the same were fully set forth herein at length.

10

59. Denied.  To the extent that the allegations in this paragraph are directed at defendant, Police Officer Emory, said allegations constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.  To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.  By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

60. Denied.  To the extent that the allegations in this paragraph are directed at defendant, Police Officer Emory, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.  By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

61. Denied.  To the extent that the allegations in this paragraph are directed at defendant, Police Officer Emory, said allegations constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.  To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate

and misleading.  Strict proof thereof is demanded at time of trial.  By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

62. Denied.  To the extent that the allegations are directed at defendant, Police Officer Emory, all allegations of liability and causation of injury directed to answering defendants are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial. By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.  Moreover, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the nature and extent of the plaintiff's averments of damage, injury or loss.  Hence, said allegations are denied, and strict proof thereof is demanded at time of trial.

63. Denied.  To the extent that the allegations in these paragraphs are directed at defendant, Police Officer Emory, said allegations constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied. By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently

unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time

before answering defendants are informed of the identity of the persons intended by such

descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at

the time of trial.

Wherefore, defendants, City of Philadelphia, Commissioner John Timoney, and Police

Officer Emory deny that they are liable, either jointly or severally, and demand judgment in their

favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

### COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CHARLES GROSSMAN VS. CAPTAIN JOHN DOE, LIEUTENANT JOHN DOE, SERGEANT JOHN DOE, POLICE OFFICERS JOHN DOE #1-2 AND POLICE OFFICER EMORY

64. Answering defendants incorporate herein by reference their answers to paragraphs 1

through 63 of the plaintiff's complaint, as though the same were fully set forth herein at length.

65. Denied.  To the extent that the allegations are directed at defendant, Police Officer

Emory, all allegations of liability and causation of injury are denied as untrue, inaccurate and

misleading.  Strict proof thereof is demanded at time of trial. By way of further answer, it is

averred that any and all allegations directed to Doe and/or Roe, and/or other members of the

Philadelphia Police Department, whose identities are presently unknown, require no responsive

pleading under the Federal Rules of Civil Procedure at any time before answering defendants are

informed of the identity of the persons intended by such descriptions, and therefore, all such

allegations are denied and strict proof thereof is demanded at the time of trial.  Moreover, after

reasonable investigation, answering defendants are without knowledge or information sufficient

to form a belief as to the truth of the nature and extent of the plaintiff's averments of damage,

injury or loss.  Hence, said allegations are denied, and strict proof thereof is demanded at time of trial.

66. Denied.  To the extent that the allegations in this paragraph are directed at defendant, Police Officer Emory, said allegations constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.  To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.  By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

67. Denied.  To the extent that the allegations are directed at defendant, Police Officer Emory, all allegations of liability and causation of injury directed to answering defendants are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial. By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.  Moreover, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the nature and extent of the

plaintiff's averments of damage, injury or loss. Hence, said allegations are denied, and strict proof thereof is demanded at time of trial.

68. Denied. To the extent that the allegations are directed at defendant, Police Officer Emory, all allegations of liability and causation of injury directed to answering defendants are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial. By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial. Moreover, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the nature and extent of the plaintiff's averments of damage, injury or loss. Hence, said allegations are denied, and strict proof thereof is demanded at time of trial.

69. Denied. To the extent that the allegations in these paragraphs are directed at defendant, Police Officer Emory, said allegations constitute conclusions of law under the Federal Rules of Civil Procedure. Hence, no response is required, and said allegations are denied. By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

Wherefore, defendants, City of Philadelphia, Commissioner John Timoney, and Police Officer Emory deny that they are liable, either jointly or severally, and demand judgment in their favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

## <u>AFFIRMATIVE DEFENSES</u>

1.   Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C.§1983.

2.   Plaintiff's claims are barred by the defenses, immunities, and limitation of damages available to answering defendants under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, <u>et. seq.</u>

3.   Plaintiff's remedies, if any, are limited exclusively to those contained under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, <u>et. seq.</u>

4.   Answering defendants aver that they are immune from plaintiff's claims since, at all times material hereto, they were carrying out their duties as Philadelphia Police Officers, in a proper and lawful manner, and in the exercise of good faith.

Wherefore, defendants, City of Philadelphia, Commissioner John Timoney, and Police Officer Emory deny that they are liable, either jointly or severally, and demand judgment in their favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

_____
Robin B. Arnold
Deputy City Solicitor
Attorney I.D. #59477
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447

Dated:                                    (215) 683-5347 (Fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **CHARLES GROSSMAN** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 02-4484** |


**CERTIFICATE OF SERVICE**

Robin B. Arnold hereby certifies that service of a true and correct copy of the Defendants' Answer with Affirmative Defenses to the plaintiff's complaint was made on the 20th day of August, 2002, to the counsel of record by First Class United States Mail.



Alan E. Denenberg, Esquire
ABRAMSON & DENENBERG
1200 Walnut St., 6th Floor
Philadelphia, PA 19107



_____
Robin B. Arnold
Deputy City Solicitor
Attorney I.D. #59477
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
(215) 683-5347 (Fax)


Date: