## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES GROSSMAN** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 02-4484** |

## ORDER

And now, to wit, this          day of                , 2003, upon consideration of the

Plaintiff's Motion to Amend Complaint and Defendants' Response thereto,

It is hereby Ordered and Decreed that said Motion is Denied.

By the Court:

_____

 **PETRESE B. TUCKER,   J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES GROSSMAN** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 02-4484** |

**RESPONSE OF THE DEFENDANTS, CITY OF PHILADELPHIA AND
COMMISSIONER JOHN TIMONEY, TO THE PLAINTIFF'S
<u>MOTION TO AMEND THE COMPLAINT</u>**

1.  Admitted.

2.  Admitted.

3.  Plaintiff's Motion skips paragraph 3.

4.  Admitted.  By way of further answer, Defendants also served Plaintiff with Interrogatories.  <u>See</u> Exhibit "A".  By way of further answer, said discovery was designed in pertinent part to obtain additional information that might be useful in identifying the police officers allegedly involved in the subject incident.  Plaintiff has never responded to these discovery requests.

5.  Denied.  To the contrary, Defendants fully complied with the requirements for Initial Disclosures pursuant to Fed.R.Civ.P. 26(a).

6.  Admitted.

7.  Admitted.  By way of further answer, in an earlier letter dated August 20, 2002 from counsel for Defendants to counsel for Plaintiff, Defendants effectively responded to Plaintiff's Interrogatory #1 by advising that based upon her investigation undersigned

counsel was unable to identify any police officer witnesses to the subject incident. This letter also advised that no police documentation pertaining to the incident as described in the plaintiff's complaint could be located.  In addition, defense counsel requested additional time to respond to discovery in order to provide meaningful responses.  See Exhibit "B".

8.  It is admitted that no formal answers to plaintiff's discovery have been produced.  By way of further answer, On September 27, 2003 defense counsel requested an extension of time to respond to discovery, since an internal investigation had still failed to reveal any witnesses or documents pertaining to the incident identified in the plaintiff's complaint.  See Exhibit "C".  On October 8, 2002, counsel for plaintiff confirmed his agreement to the extension of time to respond to discovery.  See Exhibit "D".   Moreover, in response to an earlier request from counsel for plaintiff, on October 4, 2000 undersigned counsel produced Assignment Sheets for the 12th and 18th Districts, which documents identified all those police officers from the 12th and 18th police districts who were purportedly on duty at the time of the alleged incident described in the plaintiff's complaint (based upon the location of the alleged incident, it occurred at or about the 12th police district, and the 18th police district is adjacent to the 12th).  See Exhibit "E"

9.  Admitted in part; denied in part.  It is admitted that counsel for plaintiff sent a letter dated October 4, 2003.  The letter provided information about the alleged offending officer including the badge number, however, undersigned counsel later determined that the police department did not have a police officer with a badge #3022 at the time of the alleged incident.

10. Admitted.  See also Defendants' response to paragraph #9.

11. Admitted.  By way of further answer, undersigned counsel did make a good faith search, and discovered that no police officer existed with badge #3022 at the time of the incident described in the plaintiff's complaint.

12. Denied as stated.  It is admitted only that defense counsel has made a good faith effort to identify the police officers allegedly involved in the subject incident.  See also Defendants' answer to paragraph 11 of the Plaintiff's Motion to Amend.

13. Denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Hence, said allegations are denied.

14. Admitted.

15. Admitted.  By way of further answer, Plaintiff has failed to meet the requirements under Fed.R.Civ.P. 15(c) to permit the amendment of his complaint.

16. Admitted.  By way of further answer, where the amendment to the complaint changes the name of the party, both Rule 15(c)(2) and 15(c)(3) must be satisfied.  Colbert v. City of Philadelphia, 931 F.Supp. 389, 392 (E.D. Pa. 1996).

17. Denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Hence, said allegations are denied.

18. Denied.

19. Denied.

Wherefore, Defendants, City of Philadelphia and Commissioner John Timoney

respectfully request that this Honorable Court Deny Plaintiff's Motion to Amend Complaint.

Respectfully submitted,

_____

Robin B. Arnold
Deputy City Solicitor
Attorney I.D. #59477
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
(215) 683-5347 (Fax)

Date:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **CHARLES GROSSMAN** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 02-4484** |


**MEMORANDUM OF LAW OF THE DEFENDANTS, CITY OF PHILADELPHIA AND
COMMISSIONER JOHN TIMONEY, IN OPPOSITION TO THE PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT**

**STATEMENT OF FACTS**

On July 7, 2002, plaintiff filed a complaint against the defendants, claiming excessive force and violation of his constitutional rights under Fourth and Fourteenth Amendments to the Constitution by Police Officer Emory and several unnamed police officers.[1]  According to the Plaintiff's complaint, plaintiff alleges that he was travelling in the area of 61st and Kingsessing Avenue in Philadelphia, PA when a police officer and/or police officers walked to the middle of the street, pointed a gun directly towards him, and instructed him to get out of his vehicle.  See Plaintiff's Complaint, attached as Exhibit "A" to Plaintiff's Motion to Amend.  This officer (or these officers) allegedly continued to point the gun until he/they were told by another unnamed officer "that's the wrong guy".  See Exhibit "A" to Plaintiff's Motion to Amend at paragraph 22. Plaintiff was never taken into custody by police.

On October 4, 2002, in response to counsel for plaintiff' request, counsel for defendant produced Assignment Sheets for the 12th and 18th police districts, which identify those police officers who were on duty at the time of the alleged incident involving the plaintiff (based upon

---

[1] Plaintiff has agreed to dismiss Officer Emory from this case.

the address identified in the complaint, the alleged incident occurred in or about the 12th police district, and the 18th police district borders the 12th district). Defendants do not know what discovery and/or investigation, if anything, plaintiff did with this information.

Plaintiff now seeks to amend his complaint nearly nine (9) months after the expiration of the statute of limitations, and almost five (5) months after filing his complaint to name Police Officer Raymond Kirk, Badge #5055, as a defendant. For the reasons discussed below, Plaintiff's motion should be denied.

## II. LEGAL ARGUMENT

The incident in the Complaint occurred on July 9, 2000; therefore, the statute of limitations for commencing this action expired on July 8, 2002. See Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989) (two-year statute of limitations for § 1983 actions). As the statute of limitations ran before the amended complaint was filed, the amendment can only be permitted if it relates back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c). See Urrutia v. Harrisburg County Police Dept., et al., 91 F.3d 451, 457 (3d Cir. 1996); Nelson v. County of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995). Fed.R.Civ.P. 15(c) provides that an amendment of a pleading relates back when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). Where the amendment to the complaint changes the name of the party, both Rule 15(c)(2) and 15(c)(3) must be satisfied. Colbert v. City of Philadelphia, et al., 931 F.Supp. 389, 392 (E.D. Pa. 1996).

In situations where the original complaint names "John Doe" defendants and the plaintiff attempts to replace them with named defendants in the amended complaint, the Third Circuit has looked to the third prong of Rule 15(c), relating to changing the name of a party, as the relevant section. See Urrutia, 91 F.3d at 457. Under the Rule, the inquiry under this section includes the following requirements: (1) the pleading as amended must relate to the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in by amendment must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; and (3) the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. See Singletary v. Pennsylvania Dept. of Corrections, et al., 266 F.3d 186, 194 (3d Cir. 2001); Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174 (3d Cir. 1977).[2]

The rationale behind the second prong is to ensure that the newly named defendants had notice of the institution of the action sufficient to dispel any prejudice to a defense on the merits of the claim. See Singletary, 266 F.3d at 194 n. 3. Plaintiff has the burden of proving that the individuals he seeks to add received notice of the action within two years and 120 days of the commencement of the action. Colbert, 931 F.Supp. at 393 (emphasis added). Plaintiff in this case has failed to offer any evidence to satisfy the third prong of Rule 15(c). Rule 4(m) requires

---

[2] For purposes of this Motion, Defendants will conceded that the requirements of Fed.R.Civ.P. 15(c)(2) have been met.

service upon the defendant within 120 days after plaintiff files the complaint. Plaintiff filed his original complaint on July 7, 2002. Plaintiff thus had until November 7, 2002 to provide notice, either formally or informally, to the proposed defendant. Plaintiff did not. Plaintiff has also failed to develop any facts showing that, within 120 days after filing the Complaint, proposed additional defendant Officer Kirk knew or should have known that, but for a mistake concerning the identity of the proper parties, the action would have been brought against him.

Notice is the linchpin of Rule 15 (c). Singletary, 266 F.3d at 193-94. Rule 15(c) does not require actual service of process on the newly named defendant to satisfy the notice requirement. See Singletary, 266 F.3d at 195. If an employee with reason to expect his potential involvement hears of the commencement of the lawsuit through informal means, he has sufficient notice. See Varlack, 550 F.2d at 175. However, the notice must be that the lawsuit has been brought, not simply that the event giving rise to the cause of action occurred. See Singletary, 266 F.3d at 195; Bechtel v. Robinson, 886 F.2d 644, 652 n. 12 (3d Cir. 1989).

The Third Circuit has held that constructive or implied notice of the institution of the action can constitute notice under Rule 15(c). See Singletary, 266 F.3d at 195. Two types of constructive notice that could support such an inference of notice are: (1) the "shared attorney" method, where the newly named defendants and an originally named party are represented by the same counsel, See Id. at 196-97; and (2) the "identity of interest" method, where the newly named defendants enjoy some relationship with an originally named defendant strong enough to permit an inference that notice to one effectively provides notice to the others. See Id. at 197-200.

The shared attorney method permits Rule 15(c) notice to be imputed in cases where the same attorney represented both the newly named defendants and an originally named party. The

Third Circuit noted that the "relevant inquiry under this method is whether notice of the institution of the action can be imputed to [the newly named defendants] ... within the relevant 120-day period by virtue of representation [they] shared with a defendant originally named in the lawsuit." Id. at 196. In this case, Plaintiff has failed to develop any facts and thereby meet his burden of proof to support any claim of shared representation. In the absence of such evidence, this Court should not conclude that Officer Kirk, the police officer that plaintiff seeks to add to the Complaint, had Rule 15(c) notice of the institution of this lawsuit within the 120-day period by virtue of shared representation.

In Garvin v. City of Philadelphia, et al. 2002 WL 31739948 (E.D. Pa. December 6, 2002) (Kelly, J.), the plaintiff, as in this case, sought leave to amend the complaint to identify "John Doe" defendants more than 120 days after serving the complaint, and after the statute of limitations had expired. Applying the principles outlined by the Third Circuit in Singletary, the Court held that the Plaintiff failed to meet her burden of establishing that the proposed defendants had sufficient constructive notice under both the "shared attorney" or "identity of interest" methods of demonstrating constructive notice. In rejecting Plaintiff's attempt to impute notice under the "shared attorney" method, the Court stated that the Plaintiff failed to produce any evidence that the new defendants had any knowledge of this lawsuit based on the representations made by the City's counsel. Id at p. 4 (emphasis added). The Court also rejected an argument also put forth by the plaintiff in the instant action-namely, that the proposed new defendant will be represented by the same attorney. According to the Court the relevant inquiry is not whether the new defendants *will* be represented by the same attorney, but whether the new defendants *are* being represented by the same attorney. Id. (emphasis in original). The Court also noted that the plaintiff's presumption, like the presumption made by the plaintiff in the

instant case, is incorrect, since police officer are not required to accept representation by the City of Philadelphia Law Department, nor does the Law Department represent every police officer in every lawsuit.  Id. at 4.  See also Colbert, supra at 393 (court found no compelling reason to employ the "fiction" that knowledge of counsel for the City of Philadelphia Law Department constitutes knowledge on the part of the police officers).

In the instant case, Plaintiff has produced absolutely no evidence whatsoever that, within 120 days after filing this lawsuit, Officer Kirk knew or should have known, based upon representations made by undersigned counsel, that he would be named as a defendant in this lawsuit.   In fact, Plaintiff has failed to produce any evidence that Officer Kirk knew or should have known from any source whatsoever that he would be named as a defendant within the 120-day period.   As the case law states, plaintiff has the burden of proof on this issue, and the plaintiff has failed to meet that burden.   In addition, Plaintiff cannot rely on the flawed assumption that undersigned counsel will automatically represent Officer Kirk in this case. Finally, this case is factually distinguishable from Varlack v. SWC Caribbean, Inc., 550 F.2d 171 (3d Cir. 1977), cited in Plaintiff's Motion to Amend.  In that case, the plaintiff sued a restaurant and an unnamed "John Doe" employee.  There, it was established that within the time limits set by Rule 15(c)  the unnamed defendant employee had actual knowledge of the pendency of a lawsuit against the employer and himself, as he had seen a copy of the complaint in his employer's office.  Varlack, 550 F.2d at 175.  Plaintiff has produced no such evidence in the instant case.  Accordingly, Plaintiff has failed to establish constructive notice on the part of Officer Kirk under the "shared attorney" method.

The second method of constructive Rule 15(c) notice discussed by the Third Circuit in Singletary is the identity of interest method. This method involves a situation in which the

"parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1499, at 146 (2d ed. 1990) (quoted in Singletary, 266 F.3d at 197). The Third Circuit adopted the position that Rule 15(c)(3) notice cannot be imputed to non-management employees under the identity of interest method, at least in the absence of additional factors. See Singletary, 266 F.3d at 199-200. See also Garvin, supra (court held that plaintiff failed to present evidence to establish notice under the "identity of interest" method, stating that "absent any other circumstances showing constructive notice, a staff level, non-management employee, with no supervisory duties does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes.'" Id. citing Singletary, 266 F.3d at 2000).

In the case at bar, plaintiff has also failed to meet his burden of proof that constructive knowledge should be imputed to Officer Kirk under the "identity of interest" test. Plaintiff's "assumption" that Officer Kirk and Officer Emory (who plaintiff has agreed to dismiss from this case, thereby conceding that he was an improperly named defendant) work together, and that both work for the City of Philadelphia, without additional evidence, are insufficient to support reliance on this theory for constructive notice. Plaintiff cites Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8 (1st Cir. 1990) in support of his argument for constructive notice under the "identity of interest" test. However, as the Third Circuit in Singletary in noted, the circumstances present in Ayala that formed the basis for the finding of identity of interest were not present in that case, nor are they present in the instant action. In Ayala, the prison guard's continued close contact with the plaintiff led the court to conclude that the guard likely had notice of the investigation of

12

the lawsuit.  Here, Officer Kirk, the proposed new defendant, did not have any such continuing contact with the plaintiff, so there is no similar basis for concluding that he would have received such notice.    Indeed, permitting plaintiff to amend his complaint, either under the shared attorney or identity of interest methods of constructive notice, would completely erode and effectively eliminate the defense of statute of limitations in cases where police officers are sued.

Finally, Plaintiff completely misstates the rationale behind what his Motion identities as the third requirement "that the newly named party must have known, or should have known (again, within the 120-day period) that 'but for a mistake' made by the plaintiff concerning the newly named party concerning thew newly named party's identity, 'the action would have been brought against the newly named party in the first place.   Singletary, 266 F3d at 194.   See Plaintiff's Memorandum of Law at p. 6.   Relying this section, plaintiff assumes compliance solely because the plaintiff made a mistake in naming the defendant.   The relevant inquiry, however, is whether the newly named party knew or should have known that, but for the plaintiff's mistake, he would have been originally named.   For the reasons previously discussed, Officer Kirk neither knew or had any reason to know, within the 120-day period, that he would be named as a defendant in this case.

**CONCLUSION**

Wherefore, Defendants, City of Philadelphia and Commissioner John Timoney respectfully request that this Honorable Court Deny Plaintiff's Motion to Amend Complaint.


Respectfully submitted,


_____
Robin B. Arnold
Deputy City Solicitor
Attorney I.D. #59477
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
(215) 683-5347 (Fax)


Date: 4/15/03

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **CHARLES GROSSMAN** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 02-4484** |


**CERTIFICATE OF SERVICE**

Robin B. Arnold hereby certifies that service of a true and correct copy of the Defendants'
Response to Plaintiff's Motion to Amend Complaint was made on the 15th day of April, 2003 to
the counsel of record by First Class United States Mail.



Alan E. Denenberg, Esquire
ABRAMSON & DENENBERG
1200 Walnut St., 6th Floor
Philadelphia, PA 19107



                                      _____
                                       Robin B. Arnold
                                       Deputy City Solicitor
                                       Attorney I.D. #59477
                                       City of Philadelphia Law Department
                                       1515 Arch Street, 14th Floor
                                       Philadelphia, PA 19102
                                       (215) 683-5447
                                       (215) 683-5347 (Fax)


Date: