ABRAMSON & DENENBERG, P.C.
BY: ALAN E. DENENBERG, ESQUIRE
IDENTIFICATION NUMBER: 54161
1200 WALNUT STREET
SIXTH FLOOR
PHILADELPHIA, PA  19107                    ATTORNEY FOR PLAINTIFF
(215) 546-1345

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES GROSSMAN : | |
| : | |
| VS. : | |
| : | |
| CITY OF PHILADELPHIA : | CIVIL ACTION |
| AND : | |
| COMMISSIONER JOHN TIMONEY : | NO.  02-CV-4484 |
| AND : | |
| CAPTAIN JOHN DOE : | |
| AND : | |
| LIEUTENANT JOHN DOE : | |
| AND : | |
| SERGEANT JOHN DOE : | |
| AND : | |
| POLICE OFFICERS JOHN DOE #1-2 : | |
| AND : | |
| POLICE OFFICER EMORY : | |
| BADGE #7531 : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO AMEND THE COMPLAINT**

In their Response to Plaintiff's Motion to Amend the Complaint, defendant's rely on the district court's decision in *Garvin v. City of Philadelphia*[1] for the proposition that the "shared attorney" test focuses not on "whether the new defendants *will* be represented by the same attorney, but whether the new defendants *are* being represented by the same attorney."[2]  Def. Response at 10.  For the following reasons, the position adopted by defendants, and the court in *Garvin*, is wrong as a matter of law.  Under the appropriate

---

[1]   2002 WL 31739948 (E.D. Pa. Dec. 6, 2002).
[2]   *Garvin* is now on appeal to the Third Circuit on the issue of the denial of the Motion to Amend.

"shared attorney" test, Plaintiff's Amended complaint relates back and therefore his Motion should be granted.

The Third Circuit has made clear that the "shared attorney" test is a means of imputing notice to the newly named defendants and therefore does not require "actual notice" on the part of the newly named defendants. *Singletary*, 266 F.3d at 195. While the Court in *Singletary* did not specifically set forth a test to apply to the "shared attorney" analysis, it did cite favorably to the district court's decision in *Heinly v. Queen*[3], where the court held that "knowledge may be imputed to a government official when the original complaint names other government officers as a defendants, the official to be added as a defendant is represented by the same government counsel as the original defendants, and counsel knew or should have known within the relevant time period that joinder of the official was a distinct possibility." 146 F.R.D. at 106. Contrary to the defendant's characterization of the test, the focus is not on what the attorney told the potential defendants about the lawsuit, or what the potential defendants "actually" knew about the lawsuit, but rather, because it is "constructive notice", the focus in on what the attorney knew or should have known about the possibility that the police officers would be added as defendants. *Id*. Indeed, by focusing on Officer Kirk knew, the defendants seem to be requiring "actual" as opposed to "constructive" notice in order to satisfy the "shared attorney" test. This was wrong is a matter of law. *Singletary*, 266 F.3d at 195.

Moreover, the defendant's requirement that the attorney for the City actually represent the John Doe defendants at the time Appellant filed his Motion to Amend the

---

[3]    146 F.R.D. 102 (E.D. Pa. 1993).

Complaint defies all logic. First, attorneys do not represent John Does[4]. As a practical matter, the attorney for the city will not take up representation of the newly named defendant until **after** the court has granted the Motion to Amend the Complaint. Second, contrary to the defendant's characterization of the circumstances, the attorney for the City does represent the newly named defendants. It was the City's attorney who filed the Response to the Plaintiff's Motion to Amend the Complaint to replace the John Doe. If the City's attorney did not represent the newly named defendant, why did she feel obligated to defend him in response to Plaintiff's Motion? If another attorney represented the newly named defendant, why didn't they enter their appearance and defend the Motion? These questions belie the problems inherent in the position adopted by the defendants.

Contrary to the defendant's analysis of the "shared attorney" test, the reality in police misconduct cases is that the city or municipality almost always represents the named police officers/defendants. Indeed, under Pennsylvania law, a public employee has a right to such representation. 42 Pa.C.S. § 8547(a). Accordingly, once the complaint is amended to add the newly named defendant, either the attorney representing the City of Philadelphia, or another attorney from the City of Philadelphia Law Department[5], will represented the newly named defendant. Under these circumstances, to require that the City's attorney actually have entered her appearance for the newly named defendants prior to the amendment of the complaint imposes an insurmountable barrier

---

[4] John Does don't file discovery, answer interrogatories, file motions or go to depositions.

[5] For purposes of the "shared attorney" test, the City of Philadelphia Law Department should be considered analogous to a law firm, and representation by any City of Philadelphia Law Department lawyer is like representation from a firm.

that would render all John Doe complaints meaningless.  In light of these realities, the defendant's are wrong as a matter of law and logic when they insist that the attorney for the City actually represent the city employee at the time the Motion to Amend was filed.[6]

Accordingly, for the reasons stated in Plaintiff's Motion to Amend the Complaint, Plaintiff has satisfied the "shared attorney" test and his Motion to Amend the Complaint should be granted.

RESPECTFULLY SUBMITTED,

Date:  April 25, 2003                                BY:_____

---

[6]     As Mentioned above, in light of the fact that she responded to Appellant's Motion to Amend, it would appear that the City attorney did represent the newly named defendants.

**ABRAMSON & DENENBERG, P.C.**
**BY: ALAN E. DENENBERG, ESQUIRE**
**IDENTIFICATION NUMBER: 54161**
**1200 WALNUT STREET**
**SIXTH FLOOR**
**PHILADELPHIA, PA 19107**          ATTORNEY FOR PLAINTIFF
**(215) 546-1345**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES GROSSMAN : | |
| : | CIVIL ACTION |
| VS. : | |
| : | NO. 02-CV-4484 |
| CITY OF PHILADELPHIA, et al. : | |

**CERTIFICATE OF SERVICE**

    I, Alan E. Denenberg, Esquire, hereby certify that on April 25, 2003, I served a true and correct copy of Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend the Complaint to replace the John Doe defendant with Police Officer Raymond Kirk (Badge # 5055) via First Class Mail, Postage Prepaid, on the following:

    Robin B. Arnold, Esquire
    Deputy City Solicitor
    Law Department
    One Parkway
    1515 Arch Street
    Philadelphia, Pa 19102-1595

Date: April 25, 2003

                                                          ALAN E. DENENBERG, ESQUIRE