IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES GROSSMAN** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 02-4484** |

**REPLY TO PLAINTIFF'S REPLY TO RESPONSE OF THE DEFENDANTS, CITY OF PHILADELPHIA AND COMMISSIONER JOHN TIMONEY, TO THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

In <u>Garvin v. City of Philadelphia</u>, 2003 WL 23097078 (3rd Cir. Pa. 2003), the Third Circuit denied Plaintiff Garvin's appeal of the district court's order denying her motion to amend her complaint.[1] In denying Plaintiff Garvin's appeal and affirming the district court's order, the Third Circuit rejected the <u>same arguments</u> made by plaintiff Grossman in his Reply in the instant action as were made by plaintiff Garvin in support of her appeal. In particular, concerning the "shared attorney" method of constructive notice under <u>Singletary v. Pennsylvania Dep't of Corrs.</u>, 266 F.3d 186 (3d Cir. 2001), the Third Circuit in <u>Garvin</u> held that the plaintiff mischaracterized the standard set forth by the district court by stating that under this standard the City attorney <u>would actually have to enter her appearance</u> on behalf of the officers for the court to recognize the attorney as a shared attorney (implying that such an interpretation would effectively abolish "constructive" notice). According to the Third Circuit in <u>Garvin</u>, this was not the standard applied by the district court. The district court required evidence of shared representation so that notice could be imputed to the four officers within the 120-day period.

---

[1] Garvin was cited by undersigned counsel in Defendants' Reply Brief. Counsel for plaintiff, Alan Denenberg, who is also counsel for counsel for Garvin and represented Garvin in the appeal, indicated in plaintiff's Reply to

Garvin, 2003 WL at *7. As an example of shared representation (as opposed to an actual entry of appearance), the Third Circuit noted that persons who anticipate being sued often consult an attorney with respect to their circumstances. The Third Circuit held that plaintiff Garvin, like the plaintiff in the instant case, failed to provide any evidence of any shared representation during the 120-day period, or any time thereafter. Garvin, 2003 WL at *6, *7.

In the case at bar, the Plaintiff made the identical argument in his Reply Brief. See Plaintiff's Reply Brief at pp. 2-3. As the Third Circuit in Garvin noted, not only is plaintiff's interpretation wrong, but it in no way addresses the fact that Plaintiff (both in Garvin and in this case) has produced no evidence of shared representation between the City and the proposed police officer defendant within the 120-day period.

Plaintiff in Garvin also stated that "the reality in police misconduct cases is that [the] city or municipality almost always represents the named police officers/defendants." Garvin, 2003 WL at *8. This is identical to the argument made by plaintiff in his Reply Brief in the instant action. See Plaintiff's Reply Brief at p. 3. The Third Circuit in Garvin, in rejecting this argument, stated that the fact that a public employee has a right to such representation by the City under certain circumstances does nothing to change the fact that Garvin failed to come forth with any evidence that the City attorney had any communication with the proposed police officer defendants about the lawsuit within the 120-day period to justify imputing notice to them. Garvin, 2003 WL at *8. Moreover, the Third Circuit also rejected plaintiff's assumption that the City would eventually represent the officers, and rejected plaintiff's assumption that the City attorney communicated with the proposed officer-defendants within the 120-day period

---

Defendants' Reply brief that Garvin "was under appeal before the Third Circuit on the issue of the denial of plaintiff's Motion to Amend." The Third Circuit has now affirmed the decision of the district court in Garvin.

2

Contrary to plaintiff's contention in his Reply Brief, the district court's decision in Garvin in denying plaintiff's Motion to Amend was not "wrong as a matter of law." As the Third Circuit has ruled, the district court's decision was upheld and correctly applies the principles set forth in Singletary. Furthermore, the arguments set forth in Plaintiff's Reply Brief in this case should be rejected, since the Third Circuit in Garvin rejected the identical arguments (and upheld the City's arguments) in that matter.

Wherefore, Defendants, City of Philadelphia and Commissioner John Timoney respectfully request that this Honorable Court Deny Plaintiff's Motion to Amend Complaint.

    Respectfully submitted,

    _____
    Robin B. Arnold
    Deputy City Solicitor
    Attorney I.D. #59477
    City of Philadelphia Law Department
    1515 Arch Street, 14th Floor
    Philadelphia, PA 19102
    (215) 683-5447
    (215) 683-5347 (Fax)

Date: 1/7/04

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES GROSSMAN** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 02-4484** |

### CERTIFICATE OF SERVICE

    Robin B. Arnold hereby certifies that service of a true and correct copy of the Defendants' Reply to Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Amend Complaint was made on the 7th day of January, 2004 to the counsel of record by First Class United States Mail.

Alan E. Denenberg, Esquire
ABRAMSON & DENENBERG
1200 Walnut St., 6th Floor
Philadelphia, PA 19107

                                                         Robin B. Arnold
                                                         Deputy City Solicitor
                                                         Attorney I.D. #59477
                                                         City of Philadelphia Law Department
                                                         1515 Arch Street, 14th Floor
                                                         Philadelphia, PA 19102
                                                         (215) 683-5447
                                                         (215) 683-5347 (Fax)

Date: 1/7/04